# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**RAYMOND L. ANDERSON, JR.**                                                      **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:13-CV-P57-M**

**LESLIE BLANDFORD et al.**                                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Raymond L. Anderson, Jr., *pro se*, filed a 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff names as Defendants Henderson Police Department Officers Leslie Blandford and Clint Ford; City of Henderson Mayor Steve Austin; and the Henderson Police Department. He sues all Defendants in their individual and official capacities. He alleges that on October 23, 2012, Defendant Blandford violated Plaintiff's rights to due process, to a fair trial, and to present a complete defense by failing to collect and preserve exculpatory evidence, by revealing contents of a confidential police interview to persons outside the police department, and by failing to reveal favorable information at a preliminary hearing. He further alleged that on the same date Defendant Ford "either through improper training or supervision allowed forensic evidence at the crime scene to be lost for use at trial." Specifically, Plaintiff alleges Defendant Ford failed to "collect, document or have analyzed blood and/or body fluids found at the scene or on the al[l]eged weapon" or to "photograph and demonstrate blood splatter evidence" including "blood density, directionality or location in relation to the violent acts" Plaintiff was accused of

committing. Plaintiff further alleges that the City of Henderson failed to take the required steps to properly process a violent crime scene, leading to the presumption of a lack of policy, procedures, or training. Plaintiff asserts, "The policy makers for the City of Henderson, i.e., Steve Austin, Mayor, have failed to provide adequate budgeting for the training and supervision of officers as crime scene investigators . . . ." He also alleges that the Henderson Police Department failed to train and properly supervise field officers. Plaintiff requests monetary and punitive damages.

Because it appeared from Plaintiff's complaint that he was being held as a pretrial detainee pending resolution of the criminal charges against him, Plaintiff was ordered to inform the Court of the status of the criminal charges against him. Plaintiff advised that on April 22, 2013, he entered an *Alford* plea and was convicted and sentenced to six years in prison. Plaintiff states that he filed a petition for writ of habeas corpus with the state trial court on June 6, 2013. He states that his petition was overruled on procedural issues with no finding as to the merits and that he intends to appeal that dismissal.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

2

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* at 484 (citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, Plaintiff has been convicted and his criminal case has ended. *See Jenkins v. Moyer*, No. 1:08-cv-445, 2008 WL 4534018, at *2 (S.D. Ohio Oct. 9, 2008) (dismissing plaintiff's claims as barred by *Heck* where plaintiff had been convicted in state court even though plaintiff had filed a notice of appeal and a motion for post-conviction relief). His claims, if successful, would call into question his conviction. As such, his claims are barred by *Heck*.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: October 21, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
   Defendants
4414.009